Douglas D. Phelps
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>EDUARDO VALENCIA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 1:22-CR-02073-SAB-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM AND BRIEF IN SUPPORT OF A DOWNWARD DEPARTURE |

TO: THOMAS HANLON, Assistant United States Attorney
      JENNIFER DYKSTRA, United States Probation Officer

Defendant EDUARDO VALENCIA, through his attorney, Douglas D. Phelps of Phelps & Associates, P.S., moves the Court for a sentence of 38 moths plus 7 years consecutive for a total of 122 months. 18 U.S.C. § 924(c)(1)(A)(ii).

Mr. Eduardo Valencia was convicted after a jury trial of Count I – Robbery

Affecting Commerce, 18 U.S.C. § 1951(a) and Count II – Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c), (1)(A)(ii).

## I.    LEGAL ANALYSIS

In *United States v. Booker*, 125 S.Ct. 738 (2005), the U.S. Supreme Court severed and excised 18 U.S.C. § 3742 (e) and 18 U.S.C. §3553(b) (1). The *Booker* case rendered the U.S.S.G. advisory and replaced the prior standard of appellate review with review for unreasonableness. *Booker*, 125 S.Ct. 738, 764-766 (2005). The District Court must consider the Guidelines at sentencing and take them into account. Id at 767, also *United States v. Serrano-Beauvaix*, 400 F.3d 50, 55 (1st Cir. 2005).

The United States Supreme Court has held in *U.S. v. Booker*, 543 U.S. 220 (2005), in sentencing a defendant, the sentencing court must consider the factors listed in 18 USC § 3553(a). Section 3553(a) provides in part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     b. to afford adequate deterrence to criminal conduct;
>     c. to protect the public from further crimes of the defendant; and

        d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available . . . .

(Emphasis added.)

After *Booker*, district courts have a freer hand in determining sentences. While the guidelines still exert gravitational pull on all sentencing decisions….district courts now have more discretion to tailor sentences to the individual circumstances of a defendant. *U.S. v. Trejillo-Terraza*, 04-2075 (10th Cir. April 13, 2005) citing *United States v. Booker*, 125 S.Ct. at 767. The Booker decision suggests that sentencing factors articulated in §3553 (a), which the mandatory application of the Guidelines made dormant, have a new vitality in channeling the exercise of sentencing discretion. *Booker* at 765-766; *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005) (accord); *United States v. Rodgers*, 2005 WL 600356*1-2 (8th Cir. 2005) (applying § 3353(a) to find a sentence unreasonable).

The *Booker* remedy endeavors to maintain "a strong connection between the sentence imposed and the offender's real conduct. *U.S. v. Booker*, 125 S.Ct. 738 at 757 (2005). The court of course is subject to review on appeal. It appears that the standard on appeal "is whether the district court abused its discretion by imposing an unreasonable sentence on the defendant". The "abuse of discretion

Defendant's Sentencing
Memorandum and Brief
In Support of Downard
Departure - 3

standard are wholly consistent with the concept of unreasonableness as set forth in *Booker*. See, e.g. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004).

The sentencing guidelines place no limit on the number of factors that may warrant a departure. Koon v. U.S., 518 U.S. 81, 106 (1998). The sentencing judge is to consider each person as an individual and every case as a study of human failing that mitigate and magnify the crime and punishment. Sentencing discretion is not withdrawn from the sentencing judge.

18 U.S.C. § 3553(a) provides that the court shall impose a sentence sufficient, but not greater that necessary to comply with the purposes of sentencing. The court shall consider the offense and the defendant and the need for the sentence. The need for the sentence is to reflect the seriousness of the offense, respect for the law, just punishment, deterrence, protection of the public and provide the defendant educational, vocational or medical care.

In *Rita v. United States*, 127 S. Ct. 2456, 2473 (2007) Justice Stevens and Ginsburg, concurring, held "The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See USSG Manual §§ 5H 1 1-

Defendant's Sentencing
Memorandum and Brief
In Support of Downard
Departure - 4

6, 11 and 12. (Nov. 2006) These are, however, matters that § 3553 (a) authorizes the sentencing judge to consider. See, e.g., 18 U.S.C. § 3553 (a)(1)"

The District Court is to "impose a sentence sufficient, but not greater than necessary, to adhere the goals of sentencing." *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007) "The guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *Nelson v. United States*, 129 S. Ct. 890, 892 (2009); 18 U.S.C. § 3553 (a) paragraph (2)

The sentencing court may consider matters "not ordinarily relevant" based upon the broader, post-*Booker* discretion to weigh multiple factors. *United States v. Menyweather*, 431 F.3d 692 (9th Cir. 2005) approving an eight level departure. A court considering a "just punishment" may consider the offense less serious if the offense was the result of a disadvantaged upbringing, abuse or neglect, poverty, addiction or mental illness. *Rita v. United States*, 127 S. Ct. 2456, 2473 (2007) (Stevens, J. and Ginsburg, J., concurring) ("The Commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics. Matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction) employment history, lack of guidance as a youth, family ties or military, civil, charitable, or public service are not ordinarily considered under the Guidelines. See U.S.S.G. Manual §§ 5H1.1-6, 11, and 12 (Nov. 2006) These are, however,

matters that §§ 3553 (a) authorizes the sentencing judge to consider. See e.g., 18 U.S.C. § 3553 (a)(1).")

Mr. Valencia respectfully requests that the court depart from the Guidelines in a downward direction. His conduct warrants a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing which is a sentence of 122 months.

## II. ISSUES

**A. May Mr. Eduardo Valencia receive a sentence below the "guideline range" pursuant to application of 3553(a) criteria?**

## III. ARGUMENT

**A. The defendant may receive a sentence below a "guideline range" pursuant to application of 3553(a) criteria.**

The court may properly sentence a defendant to a sentence below the standard range, post-Booker, where the goals of sentencing are supported by the sentence imposed by the court in consideration of §3553 (a) criteria. As previously cited in the legal analysis, the U.S. Supreme Court in *United States v. Booker*, 125 S.Ct. 738, 765-766 (2005) found that §3553(a) requires the court to consider )1) the nature and circumstances of the offense and the history and character of the defendant. Additionally, the court is to consider the need to avoid

un-warranted sentence disparities among defendants with similar records who have been guilty of similar offenses.

The sentencing court has the authority to "tailor sentences to individual circumstances of a defendant". *U.S. v. Trejillo-Terrazas*, 04-2075 (10th Cir. April 13, 2005) citing *U.S. v. Booker*, 125 S.Ct. at 767 (2005). As previously stated the courts post-Booker are to apply §3553 (a) criteria along with the guideline recommendations to exercise sentencing discretion. *Booker* at 765-766; *United States v. Rodriquez*, 398 F.3d 1291, 1301 (11th Cir. 2005) (accord); *United States v. Rodgers*, 2005 WL600356*1-2 (8th Cir. 2005) (applying §3553 (a) to find a sentence unreasonable).

The sentencing court may apply the "Sentencing Guideline" recommendation to reduce the guideline recommendation through application of U.S.S.G. §5K 2.0 criteria. Beyond this the sentencing court, post-Booker, has the authority to apply 18 U.S.C. §3553(a) criteria to establish the proper sentence. The trial court may be reviewed upon appeal of the sentence for an abuse of its discretion. *U.S. v. Trujillo-Terrazas*, 04-2075 (10th Cir. 2005) citing *U.S. v. Dalton*, No. 04-1361 (10th cir. 2005). The defendant respectfully request a sentence of 122 months which is appropriate for this sentence based upon the following 18 U.S.C. § 3553(a) criteria:

1) Mr. Eduardo Valencia has family ties and responsibilities as he has minor children who need the influence of their father.

2) Mr. Eduardo Valencia has a long history of addiction to drugs and alcohol for which he needs treatment.

3) There is a great need to minimize generational cycle of drug use, arrest, incarceration, and family separation.

4) The defendant's criminal history of arrest is overstated due to many various arrests for minor offenses, including juvenile arrests.

5) The defendant has reached an age where his age suggests that he is not likely to reoffend as he has reached an age where defendant's are not likely to reoffend.

6) Mr. Eduardo Valencia is in need of vocational training to help him to establish a skill to earn a living wage to care for his family.

7) Mr. Eduardo Valencia grew up in an impoverished and disadvantaged upbringing.

8) The presentence investigation report documents "For the 24 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 135 month(s) and the median length of imprisonment imposed was 135 month(s). For all 24

Defendant's Sentencing
Memorandum and Brief
In Support of Downard
Departure - 8

defendants in the cell, the average sentence imposed was 135 month(s) and the median sentence was 135 month(s), ECF 91, page 34.

## IV.   CONCLUSION

Mr. Eduardo Valencia requests the court sentence him to a sentence of 122 months, which is a sentence consistent with the goals of sentencing and is "sufficient, but not greater than necessary to achieve the goals of sentencing." The lengthy period of probation will work to allow the court to break the cycle of incarceration and rehabilitate the defendant to avoid further generational destruction.

Respectfully submitted this 28th day of May, 2024

s/Douglas D. Phelps
WSBA #22620
Phelps & Associates, P.S.
Attorney for Defendant

Defendant's Sentencing
Memorandum and Brief
In Support of Downard
Departure - 9

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Assistant United States Attorney, Thomas Hanlon

United States Probation Officer Jennifer Dykstra

s/Douglas D. Phelps<br>
WSBA #22620<br>
Phelps & Associates, P.S.<br>
Attorney for Defendant